Frank J. Kronenberg, J.
Plaintiffs herein, having abandoned their claim based upon malpractice, seek to proceed on the theory of “ informed consent ”.
The gist of the “informed consent” theory of liability is that a physician is under a duty in certain circumstances to warn his patient of the known risks of proposed treatment so that the patient will be in a position to make an intelligent *470 decision as to whether he or she will submit to such treatment. The court is satisfied that this also applies to dentists.
The parties having completed their proof and rested, the defendant now moves (CPLR 4401) for judgment in favor of the defendant on the grounds that the plaintiff has failed to prove a prima facie case on the only cause of action remaining, namely, the action based upon “ informed consent ”.
Must a plaintiff, in an “informed consent” case, establish affirmatively by expert testimony that there is a certain standard of practice in the community in the area of informed consent that has not been followed by the defendant doctor in the particular case at issue before the matter can go to a jury?
Defendant contends that plaintiffs, having failed to offer such expert testimony, have failed to establish or show what the standard of practice in the community is in relation to what a reasonable doctor might be expected to do under facts and circumstances similar to the matter before the court, and consequently, plaintiffs have failed to lay a proper foundation upon which the jury could be said to have a question of fact to determine.
The court finds no authority directly in point in this State.
In Aiken v. Clary (396 S. W. 2d 668, 373, 374, 375 [Mo.]) the court stated as follows:
“ The basic philosophy in malpractice cases is that the doctor is negligent by reason of the fact that he has failed to adhere to a standard of reasonable medical care, and that consequently the service rendered was substandard and negligent. In our judgment, this is true whether the alleged malpractice consists of improper care and treatment * * * or whether it is based, as here, on an alleged failure to inform the patient sufficiently to enable him to make a judgment and give an informed consent if he concludes to accept the recommended treatment.
‘1 How, then, is a jury to determine whether a physician has been negligent in failing to inform his patient adequately to enable him to make an informed decision whether to consent to recommended treatment? What proof must a plaintiff offer? Obviously, in addition to evidence as to plaintiff’s condition and the treatment proposed and administered, there must be testimony as to what risks are involved and what disclosures were made by the doctor. These necessarily are a part of plaintiff’s case. Such evidence was offered by plaintiff in this case. The real issue here is whether plaintiff is required to go further and as a part of his case offer evidence as to the standard of medical conduct with reference to disclosures by the physician to his *471 patient or whether this is a matter which the jury may decide without such expert testimony.” (Italics added.)
After reviewing conflicting decisions the court continued (p. 674):
“ We have reexamined this question and have concluded that the question of what disclosure of risks incident to proposed treatment should be made in a particular situation involves medical judgment and that expert testimony thereon should be required in malpractice cases involving that issue. The question to be determined by the jury is whether defendant doctor in that particular situation failed to adhere to a standard of reasonable care. These are not matters of common knowledge or within the experience of laymen. Expert medical evidence thereon is just as necessary as is such testimony on the correctness of the handling in cases involving surgery and treatment.
% * *
“We hold that plaintiff, in order to sustain his burden of proof, is required to offer expert testimony to show what disclosures a reasonable medical practitioner, under the same or similar circumstances, would have made, or stated another way, that the disclosures as made by the defendant do not meet the standard of what a reasonable medical practitioner would have disclosed under the same or similar circumstances.” (p. 675)
This court is in complete accord with the findings of the Missouri court (supra) and consequently, the plaintiffs herein, having failed to offer expert testimony relative to the extent of disclosure a reasonable medical practitioner would have made under the same or similar circumstances, have failed to establish a prima facie case and therefore defendant’s motion must h« and hereby is granted dismissing plaintiffs ’ complaint.